Wilson, J.
This suit was brought to recover from the county taxes upon certain lots alleged to have been paid under an illegal and erroneous assessment. Demurrer to the complaint being overruled, the defendant county stood upon the demurrer, and,' judgment being entered, it brings the case here for review.
The complaint is entirely too voluminous for insertion in this opinion, but we will briefly state its material averments necessary to a proper understanding of the issue presented.
It alleges that on the 26th of June, 1891, one Auguste Courvoisier was the owner of, and for a valuable considerar tion sold and conveyed to plaintiff lots numbered one (1), two (2), three (3), and four (4), in block forty (40), in the town of Idaho Springs; that by the covenants of the conveyance, the grantor was bound to pay any and all taxes upon the property legally assessed and levied for that year. That in May previous, the owner, being the grantor in the deed, having failed to list or return said lots for assessment, the assessor had listed and valued the said lots, but had listed and valued them as one tract, and not separately as required by statute. That, thereafter, the tax not being paid, the lots were sold for taxes, and one George E. McClelland had become the purchaser and received a certificate as provided by *451 law; that none of these facts became known to the plaintiff until September, 1893, whereupon he demanded from the grantor in the deed that he pay the tax and redeem the property from the tax sale. This was refused, and thereupon plaintiff purchased the tax certificate from said McClelland, under the statute relative to redemption of land sold at tax sale, and such certificate was duly assigned to him. The complaint further avers that plaintiff then commenced suit against the said Courvoisier to recover the amount which he had paid for such tax certificate, and the defendant answered, denying that any taxes were legally assessed or levied against said property, or that any tax was due thereon for said year; and upon final trial of said cause, the district court decided that the assessment and the levy and sale for taxes was void, and gave judgment for defendant. That the plaintiff there-, upon presented his claim to the board of county commissioners of said county for audit and allowance, and this being refused, he commenced this suit. The defendant county interposed a demurrer upon the ground that the complaint did not state facts sufficient to constitute a cause of action, and also upon various special grounds which, it will be seen in the course of this opinion, it is not necessary to enumerate. The demurrer being overruled, the defendant stood upon it, as we have said, and judgment was rendered in favor of plaintiff.
It is manifest from the allegations in the complaint that the suit is brought and a recovery is sought under the provisions of Gen. Stat. see. 2824, Mills’ Ann. Stats, sec. 3776, which reads as follows:
“ When by mistake or wrongful act of the treasurer, clerk or assessor, or from double assessment, land has been sold on which no tax was due at the time, the county shall hold the purchaser harmless by paying him the amount of principal and interest at the rate of twenty-five per cent per annum, and the treasurer, clerk or assessor, as the case may be, and his sureties on his official bond, shall be liable to the county for all losses sustained by.the county from sales made through the (their) mistake or misconduct.”
*452 The plaintiff has not seen fit to enter his appearance in this court, nor to assist it by either oral argument or brief. The unnecessary labor, therefore, has devolved upon the court of searching through the lengthy revenue statute, for the purpose of finding the particular sections which are applicable to the issues involved. This statute requires the owner to list all property owned by him, and return such list to the assessor within a specified time. It provides the method of listing by such owner, but it does not require him to list his town lots separately. Gen. Stat. secs. 2838, 2839, as amended by Laws, 1889 ; Mills’ Ann. Stats, secs. 3791,3792.
In the event of a failure by the owner to list his property, it is made the duty of the assessor to do so. This section of the statute, however, provides no other method of listing in this case than that required of the owner, and, presumably, in the absence of any statute to the contrary, the same method would be proper. Gen. Stat. sec. 2841, as amended by Laws, 1885, p. 317 ; Mills’ Ann. Stats. sec. 3795.
It is provided, however, that when the lands of unknown owners are listed by the assessor, “no one description shall comprise more than one town lot.” Gen. Stat. sec. 2852; Mills’ Ann. Stats. sec. 3812.
The reason for this is apparent. If the owners are unknown, no one person might be the owner of more than one lot. The assessor could not assume that, in such case, a person was the owner of two, three or a dozen lots; and list and value them all together. It might prove that there were as many different owners as there were lots, and the entire tax sale of such property would be, to the great detriment of the county, rendered absolutely void. The revenue act further provides:
“Each tract of land, and each town or city lot, shall be valued and assessed separately, except when one or more adjoining tracts or lots are returned by the same person, in which case they may be valued and assessed jointly.” Gen. Stat. sec. 2859; Mills’ Ann. Stats, sec. 3822.
These are all the provisions of the statute bearing upon *453 the question involved in this case which we have been able to find during the time which we could devote to an examination of it. It will be seen that only in the case of assessment of lands to unknown owners does the statute positively and without exception, require town lots to be assessed and valued separately. The complaint in this case does not allege whether the property was listed in the name of the owner, or to an unknown owner, and hence the presumption is, under the rule that the allegations of a pleading are construed most strongly against the pleader, that it was listed in the name of the former.
Public policy requires that all presumptions should be in favor of the legality of an assessment; the burden is upon him who assails it to show its illegality. Section 2859, it is true, provides that each town lot shall be valued and assessed separately, except when the lots are adjoining, and returned by the same person; in which case they may be valued and assessed jointly. In this case, the complaint does not allege that the lots were not adjoining. In the absence of this allegation, the presumption is that they were.
Further, this presumption becomes strengthened by the fact that in this ease the lots were numbered consecutively, and were in the same block. Under the universal method of numbering lots in towns, of which this court will take notice, — certainly in the absence of any allegation to the contrary, — they were adjoining. It is true in this case that the lots were not listed nor returned by the owner at all, but the complaint alleges the ownership of them in the same person; and the assessor, in the case of known owners, not being restricted by statute, as we have seen, to any different method of listing the property than the owner himself, had the right to list them in the same manner.
The conclusion, therefore, is irresistible, that under the averments of the complaint, and under the provisions of the statute to which we have called attention, the assessment was legal; the complaint did not state a cause of action, and the plaintiff was not entitled to recover. The demurrer *454 should have been sustained. This being decisive of the case in this court, it is unnecessary for us to refer to or discuss several other very important questions raised by the demurrer. As to those, we intimate no opinion whatever. Especially do we not wish to be understood as expressing an opinion that the assessment, levy and sale would have been void, even though the lots had been listed to an unknown owner, it appearing that all of the lots were owned at the time by one and the same person. The question is not presented in this case.
The judgment will be reversed, and the cause remanded with directions to the district court to permit the plaintiff, if he desire, to amend his complaint as he may be advised. Such will be the order.

Reversed.